David L. Arrington (Utah Bar No. 4267)
darrington@djplaw.com
Patrick E. Johnson (Utah Bar No. 10771)
pjohnson@djplaw.com
DURHAM JONES & PINEGAR, P.C.
111 East Broadway, Suite 900
Salt Lake City, UT  84111
Telephone: (801) 415-3000

Scott McConchie (Mass. Bar No. 634127)
smcconchie@gtmllp.com
GRIESINGER, TIGHE & MAFFEI LLP
176 Federal Street
Boston, Massachusetts 02110
Telephone: (617) 542-9900
(*pro hac vice*)

Attorneys for ModusLink Corporation and
ModusLink Global Solutions, Inc.

**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| Xi3, INC., a Nevada corporation.<br><br>　　Plaintiff,<br><br>　　　　v.<br><br>MODUSLINK CORPORATION, a Delaware corporation, and MODUSLINK GLOBAL SOLUTIONS, INC., a Delaware corporation,<br><br>　　Defendants. | **ANSWER, COUNTERCLAIM AND THIRD-PARTY COMPLAINT**<br><br>Civil No.: 2:13-cv-00150<br><br>Judge Ted Stewart |
| MODUSLINK CORPORATION, a Delaware corporation,<br><br>　　Third-Party Plaintiff,<br><br>　　　　v.<br><br>ISYS TECHNOLOGIES, INC., a Nevada corporation,<br><br>　　Third-Party Defendant. | (JURY DEMANDED) |

## ANSWER

Pursuant to Fed. R. Civ. P. 8 and 12, defendants Moduslink Corporation and Moduslink Global Solutions, Inc. (collectively, "ModusLink"), through counsel, hereby respond to the Complaint filed by Xi3 Corporation ("Xi3").

### First Defense

Introduction.  The first paragraph of the Complaint is descriptive of the action and, as such, requires no response.  To the extent that ModusLink is required to respond, it asserts that the Complaint speaks for itself, that the parties entered into a September 28, 2011 Master Services Agreement, and that ModusLink has demanded payment for component parts that it purchased on behalf of Xi3 (parts which Xi3 possesses), and that Xi3 has refused to pay ModusLink for the approximately $4 million that ModusLink spent for the component parts.  ModusLink denies the remaining allegations in this paragraph, denies that it did anything wrongful, and denies that it is liable under any counts of the Complaint.

1. ModusLink denies the allegations in this paragraph.

2. ModusLink denies the allegations in this paragraph.

3. ModusLink lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in this paragraph.

4. ModusLink admits that it does business in Utah, but denies the remaining allegations in this paragraph.

5. ModusLink admits that ModusLink Global Solutions, Inc. is an affiliated entity of ModusLink Corporation and that it has a site in Riverside, California at 2111 Eastridge Avenue.

ModusLink denies the remaining allegations contained in this paragraph.

6. ModusLink admits the allegations in this paragraph.

7. ModusLink denies the allegations in this paragraph.  Answering further, ModusLink states that ModusLink Corporation was to perform the services.  As to specific terms of the parties' written agreement, the Master Services Agreement speaks for itself.

8. ModusLink admits the allegations in this paragraph.

9. ModusLink admits that ModusLink Corporation procured components for the computers, but denies the remaining allegations contained in this paragraph.

10. ModusLink denies the allegations in this paragraph.

11. ModusLink denies the allegations in this paragraph.

12. ModusLink lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in this paragraph.

13. ModusLink denies the allegations in this paragraph.

14. ModusLink denies the allegations in this paragraph.

15. ModusLink denies the allegations in this paragraph.

16. ModusLink denies the allegations in this paragraph.

17. ModusLink denies the allegations in this paragraph.

18. ModusLink denies the allegations in this paragraph.

19. ModusLink denies the allegations in this paragraph.

20. ModusLink admits the allegations in this paragraph.

21. ModusLink admits the allegations in this paragraph.

22. ModusLink denies the allegations in this paragraph.

23.     ModusLink denies the allegations in this paragraph.

## FIRST CLAIM FOR RELIEF
### Declaratory Judgment

24.     ModusLink repeats the responses to the paragraphs above and incorporates them by reference as if set forth fully herein.

25.     ModusLink denies the allegations in this paragraph.

26.     ModusLink denies the allegations in this paragraph.

27.     ModusLink admits that Xi3 seeks an order but denies that Xi3 is entitled to such and order.

## SECOND CLAIM FOR RELIEF
### Breach of Contract

28.     ModusLink repeats the responses to the paragraphs above and incorporates them by reference as if set forth fully herein.

29.     ModusLink denies the allegations in this paragraph.

30.     ModusLink denies the allegations in this paragraph.

31.     ModusLink denies the allegations in this paragraph.

### Second Defense

The Complaint fails to state a claim upon which relief may be granted.

### Third Defense

All of the claims in the Complaint fail because of Xi3's prior material breaches, including its anticipatory breach, of the parties' Agreement.

### Fourth Defense

If and to the extent that Xi3 suffered any damages, ModusLink is not liable for some or

all of such damages because Mi3 failed to mitigate its damages.

### Fifth Defense

Xi3's claims are barred by the doctrines of waiver, release, accord and satisfaction, failure of consideration, unclean hands, laches and/or estoppel, barring recovery.

### Sixth Defense

All allegations contained in the Complaint not specifically admitted are hereby denied.

### Seventh Defense

ModusLink hereby gives notice that it intends to rely upon such other and further defenses as may become available or apparent during discovery in this case, and hereby reserves the right to amend its answer to assert any such defense.

WHEREFORE, ModusLink prays that this Court:

a. dismiss Xi3's claims against ModusLink with prejudice,

b. enter judgment in favor of ModusLink,

c. award to ModusLink its costs and fees incurred in defending this action, and

d. grant such other and further relief as is just and appropriate.

## COUNTERCLAIM AND THIRD-PARTY CLAIM

1. This is an action to recover approximately $4.34 million, in addition to contractual interest and attorneys' fees, owed by Xi3 Corporation ("Xi3") to ModusLink Corporation ("ModusLink") for goods purchased and services rendered by ModusLink pursuant to an agreement between the parties.

### *Parties*

2. ModusLink is a Delaware corporation with its principal place of business in Waltham, Massachusetts.

3. ISYS Technologies, Inc. ("ISYS") is upon information and belief a Nevada corporation having a principal place of business at 299 South Main Street, Suite 1300, Salt Lake City, Utah.

4. Xi3 is a Nevada corporation having a principal place of business at 299 South Main Street, Suite 1300, Salt Lake City, Utah.  Xi3 is a subsidiary of ISYS.

### *Statement of Facts*

5. ModusLink and Xi3 (and ISYS, as an affiliated entity of Xi3) are parties to a September 28, 2011 Master Services Agreement (the "Agreement") pursuant to which ModusLink built modular computers for Xi3.  A true copy of the Agreement is attached hereto as <u>Exhibit A</u>.

6. In order to build the computers, ModusLink purchased component parts pursuant to instructions from Xi3.

7. Such purchases were contemplated by the parties' Agreement:  "In accordance with the terms set forth in this Appendix A or as otherwise specified in the SOW, ModusLink shall produce or procure components and raw materials on Client's behalf in order to manufacture and/or produce the Products."  Agreement, ¶ 1.1.

8. ModusLink also built and shipped a number of modular computers.

9. As required by the Agreement, ModusLink invoiced Xi3 "no less than monthly." Agreement, ¶ 4.2.

10. The Agreement's payment terms provided that, for finished goods, "all payments by [Xi3] shall be due and payable net thirty (30) days from the date of ModusLink's invoice." Agreement, ¶ 4.3.

11. With respect to components that ModusLink purchased on Xi3's behalf, the Agreement provides as follows:

> **Aged Inventory**. ModusLink will provide a monthly inventory report that will outline aging information by component, whether in the form of raw material or Finished Goods. After a component has been in inventory at ModusLink for ninety (90) days ("Aged Inventory"), ModusLink shall immediately invoice Client in accordance with that month's inventory report. Client shall purchase all such Aged Inventory and authorize ModusLink to scrap the Aged Inventory, return it to Client, or store it at Client's expense. Payment terms for aged inventory purchases shall be net thirty (30) days from invoice date.

Agreement, Appendix A, ¶ 5.2.

12. Under ¶ 15.2 of the Agreement, ModusLink had the right to suspend performance if any payment obligation was more than thirty days past due. By June 11, 2012, payments due to ModusLink were more than thirty days overdue.

13. In addition to the overdue amounts, there were a number of changed circumstances in the parties' relationship. For example, the scope of ModusLink's services changed dramatically from what the parties had initially contemplated. The result of these changed circumstances was that ModusLink was exposed to much more financial risk than originally envisioned.

14. Pursuant to ¶ 19 of the Agreement, the parties "negotiated in good faith to revise the Agreement to reflect the changed circumstances." Ultimately, however, Xi3 did not agree to any revisions to the Agreement.

15. At the end of June 2012, due to the changed circumstances and the past due amounts owed to ModusLink, ModusLink suspended work under the Agreement.

16. Pursuant to the Agreement, ModusLink purchased nearly $4 million in component parts.

17. Despite numerous communications between the parties, and numerous assurances by Xi3 that it would pay ModusLink, Xi3 failed to pay ModusLink for the amounts due (and overdue).

18. In September 2012, ModusLink made a demand upon Xi3 to pay the amounts due under the Agreement, which totaled $4,338,631.13 and which broke down as follows:

- $111,059.24 for finished goods shipped on June 20 and 22, 2012.
- $1,604,749.94 for Aged Inventory due on June 26, 2012.
- $111,059.24 for finished goods shipped on July 13, 2012.
- $2,047,226.71 for Aged Inventory due on July 27, 2012.
- $143,763.03 for miscellaneous charges for December 2011 through July 2012, less any credits.
- $320,772.97 for parts shipped on August 30, 2012.

19. In addition to the demand for payment, ModusLink terminated the Agreement due to Xi3's failure to pay ModusLink, *inter alia*, the amounts ModusLink had expended in purchasing component parts for Xi3.

20. Upon termination of the Agreement, Xi3 was required to "immediately pay ModusLink for all outstanding financial obligations." See Agreement, ¶ 15.4.

21. Pursuant to the Agreement, interest accrues on all overdue amounts at the rate of 1.5% per month. See Agreement, ¶ 21.4.

22. In addition, Xi3 is liable for ModusLink's costs and attorneys' fees. See Agreement, ¶ 21.5 ("In the event either party asserts a claim to enforce its rights under this Agreement, the prevailing party shall be entitled to recover its costs, including reasonable attorneys' fees.").

23. Xi3 is in possession of all component parts purchased by ModusLink and all finished product assembled by ModusLink.  Nevertheless, Xi3 has made no payments since receiving ModusLink's demand for payment in September 2012.

## COUNT I
### (Breach of Contract)

24. ModusLink re-alleges the allegations contained in the foregoing paragraphs and incorporates those allegations by reference as if fully restated herein.

25. As explained above, ModusLink and Xi3 (and ISYS) are parties to the Agreement.

26. ModusLink has performed its obligations under the Agreement, including purchasing component parts for Xi3 and constructing finished product.

27. ModusLink purchased component parts with its own funds and constructed finished products, which were sent to Xi3.

28. Xi3 is now in possession of all component parts and finished product.

29. Without justification, Xi3 and ISYS refuse to pay the amounts due to ModusLink, and are therefore in material breach of the Agreement.

30. As a result of Xi3's and ISYS's breach, ModusLink has been damaged in an amount to be proven at trial, but which is at least $4,338,631.13 plus interest, costs and attorneys' fees.

## COUNT II
### (Breach of Covenant of Good Faith and Fair Dealing)

31. ModusLink re-alleges the allegations contained in the foregoing paragraphs and incorporates those allegations by reference as if fully restated herein.

32. As with all contracts, the Agreement contains an implied covenant of good faith and fair dealing.

33. Xi3 is prohibited from doing anything that will have the effect of destroying or injuring the right of ModusLink to receive the fruits and benefits of the Agreement.

34. ModusLink performed all or substantially all of the significant things that it was required to perform under Agreement.

35. Xi3 and ISYS have acted in bad faith by failing to make any payments due under the Agreement, and thereby have breached the implied covenant of good faith and fair dealing.

36. As a result of Xi3's and ISYS's breach, ModusLink has been damaged in an amount to be proven at trial, but which is at least $4,338,631.13 plus interest, costs and attorneys' fees.

## COUNT III
### (Unjust Enrichment / Quantum Meruit)

37. ModusLink re-alleges the allegations contained in the foregoing paragraphs and incorporates those allegations by reference as if fully restated herein.

38. ModusLink purchased component parts with its own funds and constructed finished products, which were sent to Xi3.

39. Xi3 is now in possession of all component parts and finished product.

40. ModusLink provided the parts and finished product to Xi3 expecting to be paid, and Xi3 and ISYS understood that ModusLink expected to be paid.

41. By reason of Xi3's and ISYS's withholding of monies owed and payable to ModusLink as described above, and by Xi3's and ISYS's failure to honor their promises to ModusLink, Xi3 and ISYS have been unjustly enriched in an amount to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, ModusLink prays that the Court enter judgment in its favor and award:

1. Money damages in an amount to be proved at trial, and in no event less than the $4,338,631.13 ;

2. Interest at 1.5% per month, pursuant to ¶ 21.4 of the Agreement;

3. Restitution to the extent of Xi3's unjust enrichment;

4. Post-judgment interest at the applicable federal legal rate;

5. ModusLink's costs and attorneys' fees, pursuant to ¶ 21.5 of the Agreement; and

6. Any other and further relief as is just and proper.

## JURY DEMAND

ModusLink demands a trial by jury on all claims so triable under Xi3's Complaint and ModusLink's Counterclaims and Third-Party Claims.

DATED:  April 5, 2013.                              **DURHAM JONES & PINEGAR, P.C.**

                                         */s/ Patrick E. Johnson*
                                         David L. Arrington
                                         Patrick E. Johnson

                                         **GRIESINGER, TIGHE & MAFFEI LLP**
                                         Scott McConchie

                                         Attorneys for Defendants.

## CERTIFICATE OF SERVICE

I hereby certify that I caused a true and correct copy of the foregoing ANSWER, COUNTERCLAIM AND THIRD-PARTY COMPLAINT to be filed via the Court's CM/ECF system, which transmitted copies this 5th day of April, 2013, to the following:

> Todd E. Zenger
> KIRTON McCONKIE
> 60 East South Temple #1800
> Salt Lake City, UT 84111
> tzenger@kmclaw.com

/s/ Patrick E. Johnson